# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHAPAT NABAYA,

　　　　　　　　*Plaintiff*,

v.

MARY HANNAH LAUCK,

　　　　　　　　*Defendant*.

Civil Action No. 1:23-cv-2650 (ACR)

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Shapat Nabaya sued Defendant Mary Hannah Lauck, U.S. District Judge for the Eastern District of Virginia. *See* Dkt. 1 (Complaint).[1] Plaintiff "is a serial filer with a history of bringing meritless cases, in this court and others, against public officials." *Nabaya v. Aber*, No. 17-cv-440, 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citing cases). In October 2017, he was convicted of Retaliating Against an Officer by False Claim, 18 U.S.C. § 1521, and making a False Statement in Bankruptcy, 18 U.S.C. § 152(3), following a criminal trial in the Eastern District of Virginia. *Nabaya*, 2018 WL 1583311, at *1. In February 2018, Plaintiff was sentenced to seventy-one months in prison and three years of supervised release. *See United States v. Nabaya*, No. 3:17-cr-3 (E.D. Va. 2017), Dkt. 306 at 2–3. Plaintiff is still serving his term of supervised release. *See id.* Dkt. 528 at 2 (noting that Plaintiff was released from prison early and began serving his three-year term of supervised release in January 2022); Dkt. 573-2 (November

---

[1] Plaintiff is subject to a pre-filing injunction "concerning matters related to 26 U.S.C. §§ 1–9834," but this case is outside the scope of that injunction. *United States v. Nabaya*, No. 3:14-cv-835 (E.D. Va. 2014), Dkt. 6 at 1.

2023 motion to be removed from supervised release).[2]  Since filing his Complaint, Plaintiff has filed or moved for leave to file dozens of documents and attachments, including several aimed to amend his Complaint to add as defendants other federal officials and a defense attorney involved in his criminal trial.  Defendant has moved to dismiss the Complaint and deny Plaintiff's motions.  *See* Dkt. 18.  Among Plaintiff's filings are what the Court construes as motions for leave to file a response to the Court's September 27, 2023 Order (requiring him to show cause why the case should not be dismissed *sua sponte*), Dkts. 12, 12-1, and an Opposition to Defendant's Motion to Dismiss, Dkts. 22, 30, 32.

## I.      LEGAL STANDARD FOR AMENDMENT

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading *once* as a matter of course" within specified time periods.  Fed. R. Civ. P. 15(a)(1) (emphasis added).  "Otherwise, amendment requires 'the opposing party's written consent or the court's leave.'"  *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)).  And "[w]hile leave to amend a complaint should be freely granted when justice so requires" under Rule 15(a)(2), "the Court may deny a motion to amend if such amendment would be futile," which includes when it "could not withstand a motion to dismiss."  *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012) (cleaned up).  The Court may also deny a motion to amend if the proposed amendments "are brought in bad faith" because they "are similar to already-rejected claims."  *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017).

## II.      DISCUSSION

The Court must construe Plaintiff's *pro se* pleadings liberally, but "*pro se* plaintiffs must comply with the Federal Rules of Civil Procedure."  *Lovoi v. U.S. Dep't of Just.*, 679 F. Supp. 2d

---

[2] The Court may take "judicial notice of facts on the public record" in other proceedings.  *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (cleaned up).

12, 13 (D.D.C. 2010). Therefore, the Court will liberally construe Plaintiff's Complaint, Dkt. 1, and two other filings, Dkt. 3-1, Dkt. 4, as together forming the operative Amended Complaint he may file once as a matter of course under Rule 15(a)(1). *See Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 15 (D.D.C. 2007) (overlooking procedural defects in *pro se* plaintiff's amended complaint). The Court will analyze Plaintiff's other motions to amend under Rule 15(a)(2).

### A.   Amended Complaint Against Judge Lauck

Plaintiff's Amended Complaint rattles off several skeletal *Bivens*[3] claims against Judge Lauck. He alleges that Judge Lauck violated (1) his First Amendment rights because she "ordered the Clerk not to file and post [his] petitions and motions," including his notice of appeal; (2) his Fourth Amendment rights because he "was denied the affidavit of the government's witness," he was "denied the right to have the jury examine the witness's statement as exculpatory evidence," and Judge Lauck "failed to protect [his] right against an illegal search and seizure"; and (3) his Fifth and Sixth Amendment rights because of "an unfair proceeding" and the denial of his "right to receive *Brady* material and Due Process." Dkt. 1 at 4 (cleaned up); Dkt. 3-1 at 1; Dkt. 4 at 1. Plaintiff seeks damages for lost Social Security Disability benefits, "$24,000 lost through the unlawful practice of law by [his] appellate attorney," and unlawful imprisonment, as well as $3 million in punitive damages. Dkt. 1 at 5 (cleaned up).

Plaintiff's claims against Judge Lauck must be dismissed on judicial immunity grounds, among others.[4] "Judges enjoy absolute judicial immunity from suits for money damages for all

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] Plaintiff argues that Defendant moved to dismiss late, *see* Dkt. 22-1 at 3–4, but he is incorrect. The U.S. Attorney was served on October 10, 2023, and the Federal Rules of Civil Procedure provide that Defendant ordinarily would have had sixty days from that date to respond, *see* Fed. R. Civ. P. 12(a)(2)–(3). But because December 9, 2023, fell on a Saturday, Defendant's response was due on the following Monday, December 11, 2023, *see* Fed. R. Civ. P. 6(a)(1)(C). Defendant's Motion to Dismiss, filed on December 11, 2023, *see* Dkt. 18, was therefore timely.

actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). "So long as the act involves a judicial function, immunity applies regardless of whether the plaintiff is suing the judge in her individual or official capacity." *Harbison v. U.S. Senate Comm. on Foreign Rels.*, 839 F. Supp. 2d 99, 110 (D.D.C. 2012) (cleaned up). Judicial immunity also "applies even if the challenged action was in error or was in excess of the judge's authority." *Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 17 n.11 (D.D.C. 2017) (cleaned up). Plaintiff's claims—which challenge his access to *Brady* material, his ability to file documents and motions, and other rulings in his criminal trial—challenge actions taken by Judge Lauck solely in her capacity as a federal judge. Therefore, Judge Lauck is entitled to judicial immunity, and the Court dismisses Plaintiff's Amended Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See Smith v. Scalia*, 44 F. Supp. 3d 28, 40 & n.10 (D.D.C. 2014) (dismissing claims on judicial immunity grounds under Rule 12(b)(6)), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015).

### B.    Motions to Amend

Plaintiff's remaining motions to amend (or for leave to move to amend), which the Court construes as motions to amend his Complaint under Rule 15(a)(2), *see, e.g.*, Dkts. 5, 8–11, 12-2, 14–16, 19, 26–27, 33, 34-4, 37, must be denied because they are futile, since they would not survive a motion to dismiss, and because they are brought in bad faith. The motions seek to add several claims, for millions of dollars in damages, against Judge Lauck; against other federal officials associated with Plaintiff's criminal case in the Eastern District of Virginia, including Magistrate Judge David Novak, Special Agent Cary M. Davis, IRS Agent Wally Stark, and then-Assistant U.S. Attorneys Jessica Aber and Gabrielle Michalak; and against Defense Counsel William J. Dinkin. *See, e.g.*, Dkts. 5, 8–11, 12-2, 14–16, 19, 26–27, 33, 34-4, 37. The motions are

frivolous and duplicative, and the Court denies them for the following three reasons.

*First*, several, if not all, of Plaintiff's claims fail because he has not shown that his conviction or sentence has been reversed or invalidated.  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "a criminal defendant may not recover damages" under *Bivens* for "'harm caused by actions whose unlawfulness would render [the defendant's] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"  *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (quoting *Heck*, 512 U.S. 477 at 486–87); *see also Hall v. Admin. Off. of the U.S. Cts.*, 496 F. Supp. 2d 203, 208 (D.D.C. 2007) (applying *Heck* to bar plaintiff from recovering damages under Federal Tort Claims Act).  Applying *Heck*, "courts have regularly rejected claims that would invalidate a conviction due to questionable investigative methods or the destruction of exculpatory evidence." *Dorsey v. District of Columbia*, No. 19-cv-191, 2019 WL 3753336, at *5 (D.D.C. Aug. 8, 2019).  Here, at least as to several of the proposed amendments, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," *Heck*, 512 U.S. at 487, and Plaintiff has not shown that his conviction has been reversed or invalidated, *see* Dkt. 12-1 (response to Court's show cause order); Dkts. 22-1, 30-1, 32-1 (Opposition to Defendant's Motion to Dismiss).  Therefore, at least several, if not all of his claims,

however they are construed, are futile under *Heck*.[5]

    *Second*, Plaintiff's motions for leave to amend are futile because Plaintiff cannot establish that the Court has personal jurisdiction over Judge Lauck or any of the defendants he seeks to add. *See Nabaya*, 2018 WL 1583311, at *2. "When personal jurisdiction is challenged," *Chandler v. Stover*, 211 F. Supp. 3d 289, 296 (D.D.C. 2016), as Defendant has done here, *see* Dkt. 18 at 5, "the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over each defendant," *Chandler*, 211 F. Supp. 3d at 296. This means that "a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). "The Court determines whether personal jurisdiction may be exercised 'by reference to District of Columbia law.'" *Chandler*, 211 F. Supp. at 296 (quoting *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

    D.C. law provides for general jurisdiction if a defendant is "domiciled" in the District of Columbia. D.C. Code § 13-422. And D.C. law provides that specific jurisdiction exists only when

---

[5] Any question whether *Heck*'s favorable termination requirement does not apply when a plaintiff is no longer incarcerated—a rule neither the D.C. Circuit nor Supreme Court has yet adopted, *see Molina-Aviles v. District of Columbia*, 797 F. Supp. 2d 1, 5 n.5 (D.D.C. 2011); *Judd v. U.S. Dep't of Just.*, No. 1:19-cv-2620, 2020 WL 1905149, at *2 (D.D.C. Apr. 17, 2020)—is irrelevant here because Plaintiff is still on supervised release and therefore "deemed to be in custody for habeas purposes," *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (cleaned up).

The Court notes that Plaintiff has moved for leave to file a petition for a writ of coram vobis. *See* Dkt. 24. Plaintiff's filing is addressed to the U.S. Court of Appeals for the Fourth Circuit, not this Court. *See* Dkt. 24-1 at 1. In any event, "there is no meaningful difference between a writ of *coram nobis* and a writ of *coram vobis*." *Duma v. Unum Provident*, 191 F. Supp. 3d 1, 2 n.3 (D.D.C. 2012), *aff'd sub nom. Duma v. Fannie Mae*, No. 12-5258, 2013 WL 599358 (D.C. Cir. Jan. 25, 2013). Yet "[a] petition for a writ of coram nobis is an extraordinary remedy that allows criminal defendants to attack their convictions after they are no longer in custody," and "only the court that imposed the sentence has jurisdiction to grant a writ of coram nobis." *Stoller v. United States*, 216 F. Supp. 3d 171, 174–75 (D.D.C. 2016) (cleaned up), *aff'd*, 697 F. App'x 10 (D.C. Cir. 2017); *see United States v. Morgan*, 346 U.S. 502, 506 n.4 (1954). Plaintiff is still in custody (on supervised release), and this Court did not impose his sentence.

the plaintiff's claim arises from the defendant engaging in one of seven specific categories of conduct. *See* D.C. Code § 13-423(a)(1)–(7); *Nabaya*, 2018 WL 1583311, at *2.[6] Those categories include "transacting any business in the District of Columbia," "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia," or "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(1), (3)–(4).

Another court in this District dismissed a similar lawsuit brought by Plaintiff on personal jurisdiction grounds. *Nabaya*, 2018 WL 1583311, at *2. As here, it found that "Nabaya has not alleged any facts showing that any Defendant lives in or maintains his or her principal place of business in the District of Columbia; all appear to work in Virginia," and "all of the Defendants' alleged conduct appears to have occurred in Virginia." *Id.* As Plaintiff himself alleges in this case, "[t]he event took place at the U.S. District Court[,] 701 East Broad Street, Richmond, [Virginia] 23219." Dkt. 1 at 4. And he lists a Virginia address for each proposed defendant he seeks to add. *See, e.g.*, Dkt. 34-4 at 6. Nothing in Plaintiff's filings suggests any basis for personal jurisdiction. Thus, the Court lacks personal jurisdiction over the proposed defendants and amendment would be futile.[7]

*Third*, Plaintiff's "bad faith in filing these motions to amend provides another, independent

---

[6] "To establish personal jurisdiction[,] . . . a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Plaintiff cannot establish personal jurisdiction under the District of Columbia's long-arm statute, so the Court need not engage in the due process inquiry.

[7] Nor is venue proper in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1); *Nabaya*, 2018 WL 1583311, at *2 n.1.

ground for denying them." *Nabaya*, 2018 WL 1583311, at *4 (citing cases); *see Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015).  What was true in 2018 is true again today: "The proposed amendments to the Complaint are simply the latest examples of Nabaya's misguided efforts to sue virtually every public official he thinks has wronged him." *Nabaya*, 2018 WL 1583311, at *4.

\*       \*       \*

Plaintiff is cautioned that any future frivolous, harassing, or duplicative filings or lawsuits in this Court, this District, or elsewhere may result in a show cause order as to why a court should not issue sanctions, including a pre-filing injunction.

### III.    CONCLUSION AND ORDER

For the reasons above, it is **ORDERED** that what the Court construes as Plaintiff's motion for leave to file his response to the Court's September 27, 2023 Show Cause Order, Dkt. 12, is **GRANTED IN PART**, insofar as Dkt. 12-1 may be filed as the response.

It is further **ORDERED** that what the Court construes as Plaintiff's motions for leave to file his Opposition to Defendant's Motion to Dismiss, Dkts. 22, 30, 32, are **GRANTED IN PART**, insofar as Dkts. 22, 22-1, 30, 30-1, 32, 32-1 may be docketed as Plaintiff's Opposition.

It is further **ORDERED** that Defendant's Motion to Dismiss, Dkt. 18, is **GRANTED**.

It is further **ORDERED** that what the Court construes as Plaintiff's Amended Complaint, Dkts. 1, 3-1, 4, and this case are **DISMISSED** with prejudice.

And it is further **ORDERED** that Plaintiff's remaining pending motions are **DENIED**.

This is a final appealable order.  *See* Fed. R. App. P. 4(a).  The Clerk of Court is

**DIRECTED** to terminate the case.

**SO ORDERED**.

_____
ANA C. REYES
United States District Judge

Date:   February 16, 2024